

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

RAMON CORDERO, )

)

Plaintiff, ) Case No. _____

)

v. ) Judge _____

)

ROSS STORES, INC., )

JOHN DOE, and JANE DOE, ) DEMAND FOR JURY TRIAL )

Defendants. )

1:26-cv-02009
Judge John Robert Blakey
Magistrate Judge Jeffrey T. Gilbert
Random/Cat 2



FILED

FEB 23 2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

COMPLAINT

Plaintiff, Ramon Cordero, pro se, alleges as follows:

I. JURISDICTION AND VENUE

1 This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, as this action arises under 42 U.S.C. § 1981. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

2 Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in River Grove, Illinois, which is located within the Northern District of Illinois, Eastern Division.

II. PARTIES

3 Plaintiff, Ramon Cordero, is an individual residing in the Township of River Grove, Illinois. Plaintiff is a Cuban American, which is a protected class based on race and national origin.

4 Defendant Ross Stores, Inc. is a corporation doing business in Illinois with a retail location at

8355 West Belmont Avenue, River Grove, Illinois 60171.

5 Defendant John Doe is an individual employed by Ross Stores, Inc. at 8355 West Belmont Avenue, River Grove, Illinois 60171.

6 Defendant Jane Doe is an individual employed by Ross Stores, Inc. at 8355 West Belmont Avenue, River Grove, Illinois 60171.

III. STATEMENT OF CLAIM

7 Plaintiff, Ramon Cordero, is a resident of the Township of River Grove, Illinois, and has resided there for approximately thirty-three (33) years.

8 On January 11, 2026, prior to approximately 2:30 p.m., Plaintiff entered a retail store operating under the trade name Ross Dress for Less, located at 8355 West Belmont Avenue, River Grove, Illinois 60171.

9 The store is operated by Defendant Ross Stores, Inc. ("Ross"), a corporation doing business in Illinois.

10 The store is located in Cook County, Illinois, within the Northern District of Illinois.

11 Plaintiff entered the premises for the lawful purpose of shopping and completing a retail purchase.

12 Plaintiff selected merchandise and was engaged in the process of making a retail

transaction.

13 While Plaintiff was shopping, an employee identified herein as John Doe approached him.

14 During that interaction, John Doe asked Plaintiff whether he was from the United States and

whether he was "from here."

15 John Doe then stated: "I thought you were from Somalia. I couldn't tell with your accent."

16 John Doe further questioned whether Plaintiff had money to pay for merchandise and

suggested that Plaintiff shop at a competing retailer.

17 These statements were made while Plaintiff was actively engaged in a retail transaction.

18 At no time during this interaction did John Doe instruct Plaintiff to leave the premises.

19 At or around that same time, another employee identified herein as Jane Doe contacted

emergency services from within the store.

20 During the emergency services call, Jane Doe reported that the store wanted Plaintiff

removed and trespassed.

21 Jane Doe stated that Plaintiff was "harassing one of the females."

22 Jane Doe did not identify the alleged female employee.

24 Jane Doe did not report that Plaintiff had committed a crime.

23 Jane Doe did not describe any specific statements, threats, gestures, or physical conduct

allegedly committed by Plaintiff.

25 Jane Doe further stated that Plaintiff had engaged in similar conduct on a prior occasion but

did not provide any date, report number, or description of prior conduct.

26 At no time prior to the emergency services call did any employee direct Plaintiff to leave the premises.

27 No representative from store management or loss prevention contacted Plaintiff before law enforcement arrived.

28 Law enforcement officers arrived at approximately 3:10 p.m.

29 Within approximately sixty (60) seconds of entering the store, a responding officer approached Plaintiff.

30 Without conducting a substantive investigation, interviewing Plaintiff regarding the allegations, or identifying any complaining witness in Plaintiff's presence, the officer initiated physical contact.

31 Plaintiff complied with verbal directives and did not physically resist.

32 Notwithstanding Plaintiff's compliance, the officer forcefully seized Plaintiff by the arm and upper body and began pushing and propelling him toward the exit.

33 The officer maintained continuous physical control over Plaintiff as he pushed and maneuvered him through the store and out the front doors.

34 During the forced escort, the officer repeatedly used profanity and made inflammatory remarks, including directing Plaintiff to "go back to Chicago" and "go shop in Chicago."

35 The officer further ordered Plaintiff to leave not only the Ross store, but the entire shopping complex, and instructed him to cross to the north side of Belmont Avenue.

36 Plaintiff was not a resident of Chicago and had resided in the Township of River Grove for approximately thirty-three (33) years at the time of the incident.

37 Plaintiff was not arrested, cited, formally identified, or provided written notice of trespass.

38 The officer's conduct and statements were captured on body-worn camera footage.

39 Plaintiff was prevented from completing his intended retail transaction.

COUNT I

Violation of 42 U.S.C. § 1981

(Against John Doe and Ross Stores, Inc.)

40 As a direct and foreseeable result of the conduct described above, Plaintiff suffered humiliation, emotional distress, and interference with his contractual rights.

41 Plaintiff re-alleges and incorporates Paragraphs 7 through 40 as though fully set forth herein.

42 42 U.S.C. § 1981 guarantees all persons within the United States the same right to make and enforce contracts as is enjoyed by white citizens.

43 A retail purchase constitutes the making and enforcement of a contract within the meaning of § 1981.

44 Plaintiff was engaged in the making of a retail contract at the time of the conduct described above.

45 The statements described in Paragraphs 14 through 16 were directed at Plaintiff in connection with that transaction and referenced his accent and perceived national origin.

46 Following the employee conduct and the emergency services call described above,

Plaintiff's retail transaction was terminated and he was removed from the premises.

47 The interference with Plaintiff's ability to complete the retail transaction occurred under circumstances giving rise to an inference of discriminatory intent. But for Plaintiff's race, national origin, and Cuban heritage, Defendants would not have interfered with his contractual rights.

48 At all relevant times, John Doe was acting within the scope of his employment with Ross.

49 Ross Stores, Inc. is liable for the conduct of John Doe under the doctrine of respondeat superior.

COUNT II
False Imprisonment (Illinois Common Law)
(Against Jane Doe and Ross Stores, Inc.)

50 Plaintiff re-alleges and incorporates Paragraphs 7 through 40 as though fully set forth herein.

51 Under Illinois law, false imprisonment consists of an unreasonable restraint of an individual's liberty, against his will, caused or procured by the defendant.

52 Jane Doe requested law enforcement intervention to remove and trespass Plaintiff without providing specific allegations of criminal conduct. Jane Doe's report of "harassment" was a knowing and malicious falsehood, made with the intent to procure Plaintiff's unlawful restraint and removal based on discriminatory animus.

53 Law enforcement responded directly and immediately to that request.

54 Plaintiff was physically restrained and forcibly escorted from the premises.

55 The restraint was the direct and foreseeable result of the police intervention procured by Jane Doe while acting within the scope of her employment.

56 Ross Stores, Inc. is liable for the conduct of Jane Doe under the doctrine of respondeat superior.

COUNT III

Violation of the Illinois Human Rights Act (775 ILCS 5/5-102)

(Against Ross Stores, Inc.)

57 Plaintiff re-alleges and incorporates Paragraphs 7 through 40 as though fully set forth herein.

58 Ross Dress for Less is a place of public accommodation within the meaning of 775 ILCS 5/5-101 et seq.

59 The Illinois Human Rights Act prohibits discrimination in places of public accommodation on the basis of race and national origin.

60 The conduct described in Paragraphs 14 through 16, together with the termination of Plaintiff's retail transaction and removal from the premises, constitutes discriminatory treatment in a place of public accommodation against Plaintiff as a Cuban American.

61 Plaintiff has filed a charge of discrimination with the Illinois Department of Human Rights, and that administrative matter remains pending.

62 As a direct and proximate result of Defendant's conduct, Plaintiff suffered humiliation, emotional distress, loss of dignity, and interference with his right to full and equal access to a place of public accommodation.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants and award:

A. Compensatory damages in an amount to be determined at trial;

B. Damages for emotional distress and humiliation;

C. Punitive damages as permitted by law;

D. Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable law;

E. Such other and further relief as this Court deems just and proper.

IV. JURY DEMAND

Plaintiff demands a trial by jury on all counts.

V. VERIFICATION

I, Ramon Cordero, declare under penalty of perjury that the foregoing is true and correct.

Executed on this _____ day of February, 2026.

Respectfully submitted,

_____

RAMON CORDERO, Plaintiff Pro Se

Address: _____

City, State, Zip: _____

Phone: _____

Email: _____